William Edelblute
Attorney at Law PLLC
WSBA 13808
1030 North Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax. 509-222-2223
bill@edellaw.com
Attorney for Plaintiff

# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF THE STATE OF WASHINGTON

| | |
|---|---|
| **Sarah Smith,** | Case No.: |
| Plaintiff, | **COMPLAINT** |
| vs. | (ERISA ) |
| **Metropolitan Life Insurance Company,** | |
| Defendant, | |
| And | |
| **Providence Health and Services Plan** | |
| Defendant. | |

*Complaint Under ERISA – p. 1 of 8*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

## Jurisdiction

1. This action arises under the Employee Retirement Income Security Act of 1974 (ERISA) 29 U.S.C. Sections 1132 (a), (e), and (f), as well as 28 U.S.C. Section 1331, as this action involves a federal question and a claim by plaintiff for employee benefits under employee benefit plans regulated and governed under ERISA.

## Venue

2. Venue is proper pursuant to the provisions of 29 U.S.C. Section 1132 (e)(2) as a substantial part of the events that give rise to plaintiff's claims arose in the Eastern District of the State of Washington and because one or more of the breaches complained of in this complaint occurred in said District and Division.

## Standard of Review

3. Plaintiff should be entitled to a *de novo* standard of review under WAC 284-50-321, which prohibits discretionary clauses in long-term disability plans, and to *Orzechowski v. Boeing Co. Non-Union LTD Plan*, 856 F.3d 686 (9th Cir. 2017).

*Complaint Under ERISA – p. 2 of 8*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

## Parties

4. Plaintiff is a participant in the plan, Defendant Providence Health and Services Plan ("The Plan"), administered by Defendant Metropolitan Life Insurance Company ("MetLife).

## Facts Common to All Claims

5. Plaintiff was employed by Kadlec Health Systems (Providence Health) as a scrub technician and was injured on the job in October of 2016, which injuries included a supraspinatus/subscapularis tear and which required surgery. Plaintiff has had a total of five surgeries due to the injury.

6. As a result of said injury, Plaintiff was unable to work full-time after July 11, 2017, for approximately nine months. Plaintiff made an unsuccessful attempt to return to full-time work in April of 2018 but Plaintiff was not able to continue to work full-time due to her disability.

7. In August of 2018, Plaintiff returned to work three, eight-hour, shifts per week, prior to her disability Plaintiff worked four ten-hour shifts.

8. Plaintiff was entitled to long term disability benefits through her employment under a plan administered by Defendant, applied for the same and Defendant granted long term disability benefits to Plaintiff. Defendant has paid Plaintiff disability benefits based on her inability to return to work full-time.

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

9. Plaintiff has worked part-time under restrictions and limitations placed by her doctor that are necessary to accommodate her injuries yet permit her to hold employment. Plaintiff's employer, Kadlec, created the position held by Plaintiff to accommodate her medical restrictions and limitations.

10. Plaintiff is at maximum medical improvement.

11. Defendant conducted a spontaneous review, based on records alone, without physical examination, of Plaintiff's disability and per letter issued on November 4th, 2020 terminated Plaintiff's disability benefits past the date of November 4th, 2020, claiming that Plaintiff "no longer met the definition of disability" as there were "alternate occupations you could perform within your restrictions and limitations taking into account your prior training, education and experience." Plaintiff's treating physician, Dr. Dawson, informed Defendant prior to said decision that he disagreed with the "independent medical examination" utilized by Defendant. Plaintiff has notable degeneration within the glenohumeral joint with notable chondromalacia.

12. Plaintiff timely sought appeal under the applicable terms of her disability policy.

13. During the appeal process, Defendant notified Plaintiff's treating physician, Dr. Dawson, that he could provide clinical evidence in support of his conclusions

*Complaint Under ERISA – p. 4 of 8*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

but provided only about 10 days for him to do so.

14. Dr. Dawson, Plaintiff's treating physician did submit further clinical evidence of his conclusions to Defendant. Dr. Dawson identified lifting function tests showing Plaintiff cannot lift more than 20 pounds unassisted as supporting disability which is a significant lack of function base on objective/clinical findings.

15. In a decision dated December 15th, 2020, Defendants denied Plaintiff's appeal, upholding the termination of Plaintiff's disability benefits. This exhausted Plaintiff's administrative remedies.

16. Positions identified by Defendant as those that Plaintiff could perform require the same essential physical requirements as the surgical technician position held by Plaintiff that she is unable to perform for more than three eight-hour shifts per week.

17. Defendant defines cessation of disability, in their decision denying benefits to Plaintiff, as being able to earn "at least" 60% of her pre-disability earnings when the policy language defines disability as the inability to earn "more than 60%" of her pre-disability earnings. One of the alternate occupations identified by Defendant is "Unit Clerk" with a median wage of less than sixty percent of Plaintiff's pre-disability earnings. Another is the same position she now holds under a medical restriction of three, eight-hours shifts per week.

*Complaint Under ERISA – p. 5 of 8*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

18. Defendant based its decision, including of the "appeal," only upon file review by other physicians, not on actual examination of Plaintiff.

19. Plaintiff in fact remains disabled under the definition of the Plan and is entitled to disability compensation payments under the Plan but Defendant continues to deny said benefits.

20. Defendant has ignored the fact that the medical records that are part of the case file demonstrate through objective/clinical findings that Plaintiff remains disabled.

21. Defendant has acted unreasonably, arbitrarily and capriciously and has abused its discretion in relying upon "independent" medical review based on file review only, not on actual examination and which failed to give adequate consideration to the findings and opinions of the Plaintiff's treating physician who has also been her surgeon for the injuries resulting in disability.

### First Cause of Action – Denial of Claim

22. The preceding averments are hereby incorporated by reference.

23. The Plaintiff properly made a claim for long term disability benefits under the Defendant Providence Health and Service Plan provided by her employer, administered by Defendant Met Life.

24. The Plaintiff exhausted The Plan's administrative appeals process.

*Complaint Under ERISA – p. 6 of 8*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

25. The Plaintiff is entitled to a long term disability benefits under the plan's terms, as the facts establish she is "disabled" as defined in The Plan.

26. The Plaintiff has been and continues to be denied that benefit by Defendants, via its denial letter of November 4th, 2020 and its appeal decision dated December 15th, 2020. Defendants acted arbitrarily and capriciously, abusing their discretion, in denying Plaintiff's disability benefits.

27. Plaintiff is entitled to relief under ERISA, 29 USC § 1132 (a)(1)(B).

## Second Cause of Action – Declaratory Relief

28. The preceding averments are hereby incorporated by reference.

29. Defendants may rely on plan language to claim denial of benefits is within their discretion.

30. Any such plan language or interpretation is in violation of WAC 284-50-321.

31. Plaintiff is entitled to declaratory relief that any such plan language is void under ERISA 29 USC § 1132 (a)(1)(B).

## Third Cause of Action – Declaratory Relief

32. The preceding averments are hereby incorporated by reference.

33. Plaintiff is entitled to injunctive relief preventing Defendants from continuing to deny her past and present benefits and future benefits, under ERISA,

*Complaint Under ERISA – p. 7 of 8*

**William Edelblute**
**Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223

29 USC § 1132 (a)(3)(A).

**Prayer for Relief**

1. The Court should conduct de novo review and grant judgment to Plaintiff for benefits owed to her under the terms of the plan, from November 4th, 2020 to the present. Alternatively, the Court should hold Defendants abused their discretion.

2. Award to Plaintiff of attorney's fees and costs of suit under § 29 U.S.C. Section 1132 (g)(1).

3. For prejudgment interest on award of back benefits.

4. To enjoin Defendants from failing to pay Plaintiff benefits as required by law in the future.

5. For declaratory relief that The Plan does not permit "discretionary" decisions.

6. For such other equitable relief as it necessary to enforce Plaintiff's rights under the Plan under § 29 U.S.C. Section 1132 (a)(3)(B).

Dated this 14th day of February,  2021         s/ *William Edelblute*

                                                        William Edelblute  WSBA 13808

                                                        Attorney for Plaintiff

                                                        bill@edellaw.com

*Complaint Under ERISA – p. 8 of 8*

**William Edelblute
Attorney at Law PLLC**
1030 N. Center Parkway
Kennewick WA 99336
Ph. 509-737-0073
Fax: 509-222-2223